**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL WOLTZ,**

        **Plaintiff,**

**-vs-**                                                                       **Case No. 6:13-cv-32-Orl-22KRS**

**SEARS, ROEBUCK & CO., et al.,**

        **Defendants.**

_____

**AMENDED REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**    **January 7, 2013**

**I. INTRODUCTION AND PROCEDURAL HISTORY.**

On January 7, 2013, Plaintiff, Michael Woltz ("Woltz"), filed a complaint against "Sears & Robuck [sic] and all subsidiaries/Sears Holdings Corp.," alleging that the basis for his suit was failure to provide reasonable accommodations and retaliation for requesting a reasonable accommodation, both in violation of the Americans with Disabilities Act ("ADA"). Doc. Nos. 1, 1-1. He also filed a motion to proceed *in forma pauperis* and supporting affidavit. Doc. No. 2. On January 16, 2013, I recommended that the Court deny Woltz's motion to proceed *in forma pauperis*, dismiss Woltz's case without prejudice, and order Woltz to file an amended complaint addressing the deficiencies in

his original complaint. Doc. No. 5. In the Report and Recommendation, I gave Woltz the following instructions:

> In the amended complaint, Woltz must name as Defendants only those entities who are responsible for the alleged violations. Further, he should clearly describe how each named defendant is involved in the alleged violations of the [Americans with Disabilities Act]. If Woltz chooses to name "Sears Robuck [sic] and all subsidiaries" as Defendants in the amended complaint, he should state when (if ever) he filed a Charge of Discrimination against these entities, attach a copy of each such Charge, and attach a copy of any right-to-sue letter he received from the EEOC (or the Florida Commission on Human Relations, as appropriate) with respect to any such Charge.

*Id.* at 6.

Before the Court ruled on my Report and Recommendation, Woltz filed an amended complaint. Doc. Nos. 6, 6-1. In his amended complaint, Woltz identified the defendants as "Sears, Roebuck & Co. et al" ("Sears Roebuck"), "Sears Holding Corp." ("Sears Holding"), and Brandon William Walker ("Walker"). Doc. No. 6 at 1.[1] Woltz did not include any allegations regarding Sears Roebuck, did not state whether he ever filed a charge of discrimination against Sears Roebuck, and did not attach a copy of a charge of discrimination against Sears Roebuck or a right-to-sue-notice with respect to Sears Roebuck. With respect to Walker, it appears from Woltz's amended complaint that Walker was Woltz's direct supervisor or manager at Sears Holdings. *See, e.g.*, Doc. No. 6 at 2-3; Doc. No. 6-1 at 4. Woltz's amended complaint alleges that Walker retaliated against him soon after

---

[1] Woltz's original complaint explicitly identified the ADA as the source of his claims. *See* Doc. Nos. 1, 1-1. The text of Woltz's amended complaint does not repeat this explicit reference to the ADA, but his allegations are consistent with such claims, and the materials attached to his amended complaint repeatedly reference the ADA. *See, e.g.*, Doc. 6-1 at 46-47. Accordingly, it appears that Woltz's amended complaint, like the original complaint, is framed as a complaint for violations of the ADA.

he requested Walker's assistance in pursuing his request for a reasonable accommodation. *Id.* Woltz did not, however, state whether he ever filed a charge of discrimination against Walker and did not attach a copy of a charge of discrimination against Walker or a right-to-sue notice with respect to Walker.

After Woltz filed his amended complaint, the District Judge terminated my original Report and Recommendation and directed me to issue an Amended Report and Recommendation addressing the sufficiency of the allegations of the amended complaint. Doc. No. 7.

## II. APPLICABLE LAW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

## III. ANALYSIS.

### A. *Claims Against Sears Holding.*

After review of Woltz's motion to proceed *in forma pauperis*, affidavit in support of that motion, and amended complaint, I recommend that the Court find that Plaintiff is a pauper and is entitled to proceed with his claims against Sears Holding as stated in the amended complaint without payment of a filing fee. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

### B.     *Claims Against Sears Roebuck.*

With respect to Woltz's claims against Sears Roebuck, my original Report and Recommendation (to which Woltz's amended complaint was apparently responsive) explained that, in an amended complaint, Woltz should allege how each named defendant was involved in any alleged violations of the ADA and provide information that would allow the Court to determine whether he had exhausted his administrative remedies with respect to Sears Roebuck. Doc. No. 5 at 6. The amended complaint does not explain how Sears Roebuck was allegedly involved in any violations of the ADA and does not allege any wrongdoing at all on the part of Sears Roebuck. Because Woltz has not alleged any wrongdoing on the part of Sears Roebuck, he has failed to state a claim against it, and his claims against it are due to be dismissed.

In addition, in his amended complaint, Woltz has not provided any information establishing that Woltz ever exhausted his administrative remedies against Sears Roebuck, as required, by filing a charge of discrimination against Sears Roebuck and receiving a right-to-sue notice with respect to any charge of discrimination against Sears Roebuck. *See Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n. 52 (11th Cir. 2003) ("No action involving a violation of [the ADA] may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge."); *Shapiro v. Potter*, No. 8:06-cv-1732-T-30MAP, 2007 WL 419660, at *2 (M.D. Fla. Feb. 2, 2007) (citing *Hillemann v. Univ. of Cent. Fla.*, 411 F. Supp. 2d 1354, 1362 (M.D. Fla. 2004); *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004)) (receipt of a right-to-sue letter is a condition precedent to filing a Title I ADA claim and prematurely filed suit is subject to dismissal at any time prior to receipt of statutory notice of right to sue). Woltz has provided the Court with only one charge of discrimination, which

was filed against Sears Holding, not Sears Roebuck. *See* Doc. No. 1-1. This suggests that Woltz has not exhausted his administrative remedies against Sears Roebuck. Accordingly, even if Woltz had stated a claim against Sears Roebuck, his claims against it would be due to be dismissed as frivolous. *See Clark v. St. of Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 (11th Cir. 1990) (collecting cases).

Ordinarily, a *pro se* plaintiff should be given leave to file an amended complaint. Woltz has already been afforded the opportunity to do so and has been provided with specific instructions as to the information that should be included in an amended complaint. Despite this, his amended complaint fails to state a claim against Sears Roebuck and may, in fact, be frivolous. Under these circumstances, giving him leave to file another amended complaint against Sears Roebuck would be futile.[2]

### C. Claims Against Walker.

Woltz's amended complaint also names Walker as a defendant. As mentioned above, Walker was Woltz's direct supervisor or manager. The ADA, however, precludes individual liability for violations of the ADA's employment discrimination provisions. It also precludes individual liability for violations of the ADA's anti-retaliation provisions in the employment context. *See Albra v. Advan, Inc.*, 490 F.3d 826, 830-33 (11th Cir. 2007) (internal citations omitted). Therefore, Woltz's amended complaint fails to state a claim against Walker for violation of the ADA. Because an ADA

---

[2] If, at a later date, Woltz is able to develop facts sufficient to state a non-frivolous claim against Sears Roebuck, he may file a motion asking the Court to allow him to file another amended complaint and add Sears Roebuck as a defendant.

claim cannot be brought against Walker in his individual capacity as a matter of law, leave to amend should not be granted as to Woltz's claims against Walker.[3]

## IV. RECOMMENDATION.

Therefore, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **GRANT in part** Woltz's motion to proceed *in forma pauperis*;

2. **DISMISS** Woltz's claims against Sears Roebuck without prejudice;

3. **DISMISS** Woltz's claims against Walker with prejudice;

4. **ALLOW** Woltz to proceed with his claims against Sears Holding as stated in the amended complaint without payment of a filing fee;

5. **DIRECT** the Clerk of Court to mail summonses and Marshal 285 forms to Woltz for completion and return to the Court within fifteen days of mailing;

6. **DIRECT** the Clerk Of Court to provide the completed service forms to the United States Marshals Service once the completed summonses are returned to the Court;

7. **DIRECT** the United States Marshals Service to serve the completed service forms upon Sears Holding without cost to Woltz; and,

---

[3] In addition, even if Woltz's amended complaint stated a claim against Walker, Woltz has not provided any evidence that he filed a charge of discrimination against Walker or received a right-to-sue notice with respect to such charge. As with Woltz's claims against Sears Roebuck, this suggests that Woltz has not exhausted his administrative remedies with respect to Walker and, accordingly, that his claims against Walker may be due to be dismissed as frivolous.

8. If the Court adopts this Report and Recommendation, **DIRECT** the Clerk to provide a copy of the Court's Order on this Report and Recommendation to the United States Marshals Service.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **Mr. Woltz may not file another amended complaint unless permitted by the Court.**

Recommended in Orlando, Florida on February 5, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy